UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAWN NEWTON,

                           Plaintiff,

    -against-

ABUS-SALAAM, JUDGE,

                           Defendant.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

08-CV-1147 (DGT)

TRAGER, Senior United States District Judge:

*Pro se* litigant Shawn Newton, who is currently incarcerated at the Federal Medical Center in Butner, North Carolina, filed the above-captioned petition ostensibly pursuant to 28 U.S.C. § 2241 ("§ 2241"). The petition is nearly illegible, but it seems that petitioner wishes to challenge a conviction and sentence entered in a New York state court on a 1995 indictment, on the grounds that it was obtained through the use of a "defective" indictment, and an "inadmissible" lab report.

Title 28 of the United States Code, Section 2241 permits federal courts to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. However the application of this provision is limited by Sections 2254 and 2255 of that title, which provide separate mechanisms for federal and state prisoners challenging the legality of their convictions or sentences. Generally, prisoners must use these sections, not § 2241, unless certain limited exceptions exist. See Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001)("[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States.")(citing Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997); Figueroa v. Walsh, Docket No. 06-CV-4179, 2007 WL 2288048, at *4 (E.D.N.Y. August 8, 2007)(applying

the same rule to petitions brought pursuant to § 2254 and explaining that a petitioner's procedural bar from filing an application pursuant to § 2254 is not adequate grounds for permitting a petition pursuant to § 2241, unless the petitioner is also asserting "a claim of actual innocence that (a) is provable on the existing record, and (b) could not have effectively been raised at an earlier time" (citations and quotation marks omitted)). In particular, § 2241 may not be used to collaterally attack an expired state court conviction. See e.g. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004); Thelemaque v. Ashcroft, 363 F. Supp.2 d 198, 220-21 (D. Conn. 2005).

Moreover, even if petitioner could bring his challenge as a petition pursuant to § 2241, he names the wrong respondent and brings it in the wrong venue. The proper respondent in a petition for a writ of habeas corpus is the petitioner's custodian. Here, the only respondent named in this petition is "Abus-Salaam Judge," whom petitioner locates at 111 Centre Street, the address for New York County Criminal Court. The venue provision of § 2241 provides that "the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Petitioner is currently being held in a federal detention center which is located within the United States District Court for the Eastern District of North Carolina. Petitioner's state court conviction was entered in New York County, which is within the District Court for the Southern District of New York ("S.D.N.Y."). Thus, the District Court for the Eastern District of New York is not a proper venue for petitioner's claims.

To the extent that Petitioner is seeking to challenge the constitutionality of his 1995 conviction or sentence, such a challenge would properly be brought in a petition seeking a writ of

2

habeas corpus pursuant to 28 U.S.C. § 2254.[1] However, he is unlikely to overcome § 2254's significant gate-keeping requirements, including the one-year statute of limitations and proper exhaustion of claims. Moreover, § 2254 now imposes strict limits on prisoners' ability to file more than one petition, and so the Court of Appeals for the Second Circuit has stated that district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2254 unless the petitioner receives notice and an opportunity to withdraw. See Cook v. New York State Div. of Parole, 321 F.3d 274, 276 (2d Cir. 2003) (citing Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998)). For these reasons, the Court declines to construe petitioner's motion as one brought pursuant to § 2254 and to transfer it to the S.D.N.Y.[2] Should petitioner wish to make such a motion, he may do so in the appropriate District Court.

---

[1] Although petitioner has finished serving his term of incarceration on the state conviction, he may nonetheless meet § 2254's "in custody" requirement if his current federal custody was enhanced by the underlying state conviction. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-402 (2001)(holding that a petitioner satisfied § 2254's "in custody" requirement where he was challenging a subsequent state sentence that had been enhanced by an allegedly invalid prior conviction."); Echevarria v. United States, Docket No. 98 CIV 8668, 2001 WL 1111523, at *2 n.5 (S.D.N.Y. 2001)(finding that a petitioner in federal custody remained "in custody" for purposes of a § 2254 motion attacking a federal sentence that used the state conviction to enhance sentencing).

[2] The Court observes that petitioner had previously filed a petition in the S.D.N.Y. that was construed as a motion pursuant to § 2254, but that the petition was dismissed without prejudice when petitioner failed to file an amended petition within the time allowed. See Newton v. U.S.A., Docket No. 01-CIV-02560-MBM (S.D.N.Y. August 29, 2001).

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DAVID G. TRAGER
Senior United States District Judge

Dated: April 14, 2008
Brooklyn, New York